UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-383-KSF

DONALD R. FIELDS,                                           PETITIONER

V.                          **PROPOSED FINDINGS OF FACT
AND RECOMMENDATION**

STEVE HANEY, Warden,                                  RESPONDENT

\* \* \* \* \*

## I. INTRODUCTION

On September 22, 2008, petitioner Donald R. Fields, *pro se*, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, concerning his conviction in Fayette Circuit Court on or about August 26, 1997. On February 20, 2009, the Respondent filed his answer to the petition and also moved to dismiss, and in the alternative, for summary judgment.[1] Petitioner having filed a response to Respondent's motion to dismiss or for summary judgment, this matter is ripe for review.

In accordance with local practice, this matter was referred to the undersigned Magistrate Judge for consideration pursuant to 28 U.S.C. § 636(b). See Rule 10, Rules Governing Section 2254 Cases in the United States District Courts; Fed.R.Civ.P. 72(b).

## II. DISCUSSION

**A.**     **Standard of Review**

This is a pro se petition, and, as such, the Magistrate Judge is mindful that it is held to less stringent standards than those drafted by attorneys. See Cruz v. Beto, 405 U.S. 319 (1972); Haines

---

[1] Along with his Answer and response to habeas petition and motion to dismiss or for summary judgment, the Respondent also filed an Appendix (hereafter "A") consisting of (1) relevant portions of the state court record, (2) the briefs filed in the Kentucky Court of Appeals in reference to his RCr 11.42 motion; and (3) the opinion of the Kentucky Court of Appeals opinion affirming the denial of the trial court's decision on the RCr 11.42 motion.

v. Kerner, 404 U.S. 519 (1972). The allegations in pro se petitions must be taken as true and construed in favor of the Petitioner. See Malone v. Colyer, 710 F.2d 258, 260 (6th Cir. 1983).

**B.     Prerequisites for Federal Habeas Corpus Review**

In order to grant relief in a proceeding pursuant to 28 U.S.C. § 2254, the court must find that certain prerequisites for granting relief are present. If these prerequisites are not met, the court must dismiss the petition without addressing its merits. Specifically, the court must find that: (1) petitioner is in "custody;" (2) petitioner has exhausted the remedies available to him in state court; and (3) petitioner did not waive or forfeit the right to present a particular issue by failing to follow state court rules to ensure that the state courts would review that issue on appeal.

At the time petitioner filed this action, he was an inmate at Northpoint Training Center in Burgin, Kentucky. Thus, the first prerequisite is satisfied. In the discussion below, the Magistrate Judge will determine whether the remaining two prerequisites are satisfied.

**C.     Factual and Procedural History**

On June 28, 1994, petitioner was indicted by a Grand Jury of the Fayette Circuit Court on the Two Counts of Capital Murder, pursuant to K.R.S 507.020, concerning the shooting deaths of Sharon Givens and Donald McArthur. Instead of going to trial, petitioner entered into a plea agreement wherein he agreed to plead guilty to reduced charges: two counts of first-degree manslaughter. Each of the manslaughter counts carried a sentence of twenty years. Pursuant to the plea agreement, the court would determine whether the two twenty-year sentences would run concurrently or consecutively. On August 26, 1997, the trial court sentenced petitioner and ordered that his twenty-year sentences run consecutively, for a total sentence of forty (40) years. Petitioner did not file a direct appeal.

However, on August 20, 1998, petitioner filed an RCr 11.42 motion, which was denied. Petitioner appealed the denial of this RCr 11.42 motion to the Kentucky Court of Appeals. In an unpublished opinion that became final on March 25, 2002, the Kentucky Court of Appeals affirmed

the trial court's denial of the RCr11.42 motion. See 1999-CA-002061. The Kentucky Supreme Court granted discretionary review and remanded the case to the trial court for further consideration.

On remand, the trial court held a retroactive competency hearing to determine whether petitioner was competent to enter a guilty plea. The trial court held additional evidentiary hearings to address petitioner's remaining RCr 11.42 claims. After the hearings, the trial court denied petitioner's RCr 11.42 motion. Petitioner appealed that denial to the Kentucky Court of Appeals. In an unpublished opinion rendered on April 4, 2008, the Kentucky Court of Appeals affirmed the trial court's denial of petitioner's RCr 11.42 motion on remand. On September 10, 2008, the Kentucky Supreme Court denied discretionary review.

To reiterate, petitioner filed his federal habeas petition on September 22, 2008.

**D.      Petitioner's claims contained in his federal habeas petition**

As grounds for relief, petitioner asserts (1) that he received ineffective assistance of counsel at trial when his counsel (a) failed to move the court to hold a pretrial competency hearing; (b) failed to file a motion for indigent funds for necessary experts who would have provided a scientific basis to assist in his defense, and (c) failed to investigate and present available mitigation evidence at his final sentencing hearing; and (2) that he was denied his constitutional right to due process and a full and fair hearing in his state post-conviction proceedings.

In response to the habeas petition, the respondent submits that petitioner's claims raised therein are without merit; therefore, respondent argues that he is entitled to summary judgment.

**Applicable law**

In considering Petitioner's claims, the court is cognizant that the Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 prohibits federal courts from granting writs of habeas corpus on claims previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

28 U.S.C. § 2254(d)(1) and (d)(2).

In *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000), the Sixth Circuit recognized that by reason of the Supreme Court's decision in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495 (2000), issued on April 18, 2000, the standard of review that a federal habeas court must apply under § 2254(d) had been changed and that *Nevers v. Killinger*, 169 F.2d 352 (6th Cir. 1999), had effectively been overruled. Elaborating, the court in *Harris v. Stovall, supra*, explained:

> On April 18, 2000, the Supreme Court issued a decision in *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000), setting forth the standard of review that a federal habeas court must apply under § 2254(d). The Court held that a decision of the state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id*. at 1523, 120 S.Ct. 1495. The Court further held that an "unreasonable application" occurs when "the state court identifies the correct legal principle from this Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 1522, 120 S.Ct. 1495.
>
> In this case, the district court referred to our holding in *Harpster*, which simply noted the differing interpretations of § 2254(d) developing in our sister circuits, but found that the standard under § 2254(d) had not been met. See *Harpster*, 128 F.3d at 326-27. Subsequently, in *Nevers v. Killinger*, 169 F.3d 352 (6th Cir.), cert. denied, 527 U.S. 1004, 119 S.Ct. 2340, 144 L.Ed.2d 237 (1999), we found it appropriate to rely on the Fifth Circuit's "debatable among reasonable jurists" standard in *Drinkard v. Johnson*, 97 F.3d 751 (5th Cir.1996), combined with the First Circuit's standard of "so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes," set forth in *O'Brien v. Dubois*, 145 F.3d 16 (1st Cir.1998). See *Nevers*, 169 F.3d at 361-62. Later, we reaffirmed this approach in *Maurino v. Johnson*, 210 F.3d 638, 643-44 (6th Cir.2000). However, the Supreme Court in *Williams* found that the Fourth Circuit's test--that a state court's application of federal law was "unreasonable" only if the court had applied federal law in a manner that reasonable jurists would all agree was unreasonable--was erroneously subjective, as the inquiry should be objective. The Court expressly disavowed the Fifth Circuit's "reasonable jurist" standard set forth in *Drinkard*. In light of the Supreme Court's decision in *Williams*, we find that *Nevers* and *Maurino* no longer correctly state the law on the issue of the appropriate standard under 28 U.S.C. § 2254(d). We must therefore rely solely on the Supreme Court's decision in *Williams* for the appropriate standard under § 2254(d).

*Harris v. Stovall*, *supra*, 212 F.3d at 942-43.

With this standard in mind, it is necessary to review the decision of the Kentucky Court of Appeals on collateral review to determine if that adjudication:

4

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (d)(2).

**1.    Ineffective assistance of counsel**

Petitioner claims that he received ineffective assistance of counsel at trial when his counsel (a) failed to move the court to hold a pretrial competency hearing; (b) failed to file a motion for indigent funds for necessary experts who would have provided a scientific basis to assist in his defense, and (c) failed to investigate and present available mitigation evidence at his final sentencing.

The test for proving a claim of ineffective assistance of counsel was established in Strickland v. Washington, 466 U.S. 668 (1984), which adopted a two-part test, requiring a movant to show (1) that counsel's performance fell outside the wide range of professionally competent assistance guaranteed by the Sixth Amendment, and (2) that the deficient performance prejudiced the defense so seriously that but for the alleged error of counsel, there is a reasonable probability that the result would have been different.

**a.    failure to move the court to conduct a pretrial competency hearing**

Petitioner contends that his rights were violated when counsel failed to move the court for a competency hearing.

Fields presented this claim of ineffective assistance in August 1998 when he first filed his RCr 11.42 motion. The trial court denied that motion without a hearing, and the Kentucky Court of Appeals affirmed. However, the Kentucky Supreme Court reversed and remanded the case to the trial court for a hearing on the competency issue. The trial court held a hearing and determined that, despite any damage to his mental processes, he was competent to enter his guilty plea. Fields presented this same argument to the Kentucky Court of Appeals again, but this time he claimed both ineffectiveness of counsel and error by the trial court.

5

In considering this claim raised in No. 2006-CA-002612-MR, the Kentucky Court of Appeals analyzed it as follows:

> Recently, the Supreme Court held that a defendant is competent to enter a guilty plea if he possesses "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational as well as a factual understanding of the proceedings against him." *Thompson v. Com.*, 147 S.W.3d 22, 32(Ky.2004)(quoting *Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)). The circuit court's determination of competency is considered a finding of fact and is reviewed under the clearly erroneous standard. *Thompson*, 147 S.W.3d 22 (citing *United States v. Branham*, 97 Fed.3d 835 (6th Cir.1996)).
>
> In its opinion and order finding appellant competent, the circuit court cited to the expert opinion of Dr. Harwell Smith, who evaluated appellant in December 1994 and who testified at the retrospective competency hearing. Dr. Smith opined that appellant was competent in 1997. The circuit court also cited the expert opinion of Dr. Victoria Yunker. Dr. Yunker examined appellant in June 1995, and she testified at the retrospective competency hearing. Dr. Yunker testified that appellant was competent in 1997. In its opinion, the circuit court took note of the expert testimony from Dr. Robert Granacher, Jr., that appellant suffered from "both anatomical and functional defects [of the brain] present as a result of the [gunshot] wound and brain injury." The court also considered the testimony of Dr. Granacher that appellant was not competent to stand trial in 1997. However, the circuit court found more persuasive the testimony of Dr. Smith and Dr. Yunker that appellant was, indeed, competent in 1997. And, the court noted that amnesia does not preclude appellant from receiving a fair trial and cited to *Commonwealth v. Griffin*, 622 S.W.2d 214 (Ky.1981).
>
> Considering the evidence as a whole, we hold that there existed substantial evidence of a probative value to support the circuit court's finding that appellant was competent to have pleaded guilty to two counts of manslaughter in 1997. *See Thompson*, 147 S.W.3d 22. In this case, the evidence was conflicting, and the circuit court simply found more persuasive the expert opinions of Dr. Smith and Dr. Yunker. As such, we are of the opinion that the circuit court did not commit error by concluding that appellant was competent to have entered the guilty plea in 1997.

*Fields v. Commonwealth*, 2008 WL 900976 (Ky.App. 2008) (unpublished), *1.

In reviewing the circuit court's ruling on competency, the Kentucky Court of Appeals properly identified and applied applicable United States Supreme Court precedent. The appellate court points out that this issue was addressed by the Kentucky Supreme Court when the case was remanded for, among other things, a competency hearing pursuant to existing Kentucky law. The competency hearing was held in accordance with that law, and the trial court subsequently ruled that Fields was competent to enter his plea. The Court of Appeals found no error in that ruling. It has been "repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 126 S.Ct. 602, 604(2005); *Wainwright v. Goode*, 464 U.S.

6

78, 84 (1983); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Houston v. Dutton*, 50 F.3d 381 (6th Cir. 1995); *Duffel v. Dutton*, 785 F.2d 131, 133 (6th Cir. 1986); *Israfil v. Russell*, 276 F.3d 768 (6th Cir. 2001); *Davis v. Straub*, 430 F.3d 281, 290-291 (6th Cir. 2005); Gilbert v. Parke, 763 F.2d 821 (6th Cir. 1985).

Upon review of the state court record, the Magistrate Judge concurs with the assessment of the Kentucky Court of Appeals concerning this claim of ineffective assistance of counsel. Consequently, the Magistrate Judge concludes that petitioner has not established that the decision of the Kentucky Court of Appeals on this claim of ineffective assistance of counsel (a) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (b) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. For these reasons, the Magistrate Judge also concludes that petitioner is not entitled to federal habeas relief on this claim.

**b.      failure to file a motion for indigent funds for necessary experts who would have provided a scientific basis to assist in his defense**

Petitioner also claims that his counsel was ineffective for failing to file a motion for indigent funds for expert witness testimony relating to medical and ballistic evidence at trial. Petitioner asserts that if his counsel had hired medical and ballistics experts, they would have provided evidence exonerating him at trial. Specifically, he believes that expert assistance would have discovered that Mr. McArthur, who died five months after the shooting, did not die as a result of his shooting injuries. Petitioner also contends that ballistics evidence would have revealed that he either had not fired the gun, or that he did not intentionally fire the gun. Had those experts existed, petitioner claims that he would not have pled guilty to two counts of manslaughter.

This argument was presented to the Kentucky Court of Appeals in petitioner's post-conviction appeal concerning the denial of his RCr 11.42 motion. In its opinion affirming the decision of the trial court, *Fields v. Commonwealth*, 2008 WL 900976 (Ky.App. 2008) (No. 2006-CA-002612-MR), the Kentucky Court of Appeals analyzed this claim, as follows:

> Appellant further maintains that trial counsel was ineffective for failing to seek state funds to hire a medical expert to opine that McArthur "did not die as a result of the injuries he sustained in the shooting incident on January 15, 1994." Appellant points

7

out that McArthur died some five months after the shooting and that his death was possibly due to medical error. In support thereof, appellant cites to a letter sent to his counsel by Dr. J. Randall Thompson. Dr. Thompson was asked to review the medical records of McArthur. Upon his review, Dr. Thompson questioned whether McArthur died of a pulmonary embolism as was found by the autopsy. Therein, Dr. Thompson has "several" concerns related to McArthur's exact cause of death. Had his trial counsel retained such a medical expert, appellant states he would not have entered a guilty plea to the charge of manslaughter of McArthur.

To prevail upon his claim, appellant must demonstrate that trial counsel's performance was deficient and that absent such deficiency there existed a reasonable probability that appellant would not have pleaded guilty but would have insisted upon going to jury trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 36, 88 L .Ed.2d 23 (1985); *Phon v. Com.*, 51 S.W.3d 456 (Ky.2001).

In this case, appellant was facing the charge of capital murder in relation to the killing of McArthur. As appellant apparently suffered from retrograde amnesia, he had little or no memory of the actual shootings. McArthur's autopsy report stated that the cause of death was pulmonary embolism. The record also reveals that McArthur was rendered paralyzed below the shoulders due to the gunshot. According to Dr. Thompson, pulmonary embolism is common in immobilized individuals, and "it would be unlikely that Mr. McArthur would have developed a PE if he were not a quadriplegic." Although Dr. Thompson did raise concerns concerning McArthur's listed cause of death on the autopsy, the Commonwealth possessed compelling evidence that McArthur's cause of death was legally linked to the gunshot wound.

In this Commonwealth, a person is guilty of homicide "where he inflicts wounds that cause the death of the victim indirectly or through a chain of natural effects and cause, unchanged by human action, or where a violence inflicted by the accused was a clear contributing cause of death though perhaps not the sole cause." *Flynn v. Com.*, 302 S.W.2d 851, 852 (Ky.1957). Considering the law in this Commonwealth, and the evidence is this case, we believe that a reasonable person would have pleaded guilty to manslaughter and would not have insisted upon going to trial upon the charge of capital murder. As such, we reject appellant's contention.

Appellant finally argues that trial counsel was ineffective for failing to seek state funds to hire a ballistics' expert to refute the Commonwealth's theory of the case that he intentionally shot McArthur, Givens, and then himself. Rather, appellant contends that he either did not fire the gun or the shootings were unintentional and occurred after a struggle with the gun. In support thereof, appellant points out that gun residue tests performed by the Commonwealth did not reveal a positive finding on either the two victims or upon appellant. He also points out that forensic tests indicated that Givens' face contained a powder burn consistent with a gun discharge close thereto; however, there was no evidence of such a powder burn on appellant's face. Also, appellant states that he was left-handed but was shot on the right side of his head. If trial counsel had hired such a ballistics' expert, appellant alleges that he would not have pleaded guilty to two counts of manslaughter but would have insisted upon a jury trial.

Appellant has only offered mere speculation to support his claim that a ballistics' expert would have contradicted the Commonwealth's theory of the case. From the evidence amassed against appellant, we are unable to conclude that trial counsel's

> performance was deficient or if deficient, that a reasonable person would have not pleaded guilty and otherwise insisted upon going to trial by a jury.

*Fields v. Commonwealth*, 2008 WL 900976 (Ky.App. 2008) (unpublished), at *3-4.

Upon review of the state court record, the Magistrate Judge concurs with the assessment of the Kentucky Court of Appeals concerning this claim of ineffective assistance of counsel. Consequently, the Magistrate Judge concludes that petitioner has not established that the decision of the Kentucky Court of Appeals on this claim of ineffective assistance of counsel (a) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (b) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. For these reasons, the Magistrate Judge also concludes that petitioner is not entitled to federal habeas relief on this claim.

**(c)      failure to investigate and present available mitigation evidence at his final sentencing**

Petitioner further claims that his trial counsel was ineffective in that he failed to investigate and present mitigating evidence to the court at sentencing.

As respondent points out, this claim was not presented to the Kentucky Court of Appeals in the appeal following remand. In that appeal, petitioner raised three issues on appeal (ineffective assistance of counsel regarding failure to secure medical and ballistics experts for trial, for failing to seek a pretrial competency hearing and an error on the part of the trial court for rescinding a funding order for post-conviction experts). Since this issue was not raised before the Kentucky Court of Appeals, this claim is procedurally defaulted.

A federal constitutional claim not presented to state courts at the time and in the manner prescribed by state law is treated as a procedurally defaulted claim. A procedurally defaulted claim is reviewable by a federal habeas corpus court only after the habeas petitioner demonstrates cause and actual prejudice to overcome the default or a "miscarriage of justice", i.e., a colorable claim of factual innocence in light of federal constitutional error. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Coleman v. Thompson*, 501 U.S. 722 at 750 (1991); *Sawyer v. Whitley*, 505 U.S. 333 (1992); *Schlup v. Delo*, 513 U.S. 298 (1995).

Although not raised in petitioner's post-remand appeal to the Kentucky Court of Appeals, petitioner did present this claim in the first appeal of the denial of his RCr 11.42 motion. At that time, the appellate court noted that ".. Fields does not state with specificity what this evidence is, instead he merely argues that 'witness testimony and mitigation evidence' should have been offered by counsel in an attempt to gain a reduced sentence." Citing *Strickland v. Washington*, the Kentucky Court of Appeals went on to say that "having failed to offer specific items of witness testimony or other mitigating evidence to support his claim... Fields argument on this issue is not persuasive, and does not form a basis on which we may tamper with the order on appeal." TR 509-515. At that time he argued counsel's failure to produce mitigation, failure to secure experts, failure to request a competency hearing and the trial court's failure to hold a hearing as grounds in support of his RCr 11.42 motion. The Court of Appeals affirmed the trial court's denial of that motion. Upon discretionary review to the Kentucky Supreme Court, the case was remanded for an evidentiary hearing. There is no evidence that Fields broached the issue of mitigation with the trial court on remand; the trial court made no mention of it in its order, and Fields did not address mitigation in his brief. Consequently, this claim is procedurally defaulted. Therefore, this federal habeas court is barred from considering the merits of petitioner's third claim of ineffective assistance of counsel.

**2.      denial of due process and a full and fair hearing in state post-conviction proceedings**

Petitioner also claims that he was denied his constitutional right to due process and a full and fair hearing in his state post-conviction proceedings. This claim concerns the trial court's revocation of an order funding investigation and testimony of expert witnesses at the evidentiary hearing.

After the trial court issued the order for funds, the Kentucky Supreme Court decided *Stopher v. Conliffe*,170 S.W.3d 307 (Ky.2005), wherein the Court held that state funding was not available to indigent prisoners in post-conviction proceedings. Based on that decision, the trial court revoked orders authorizing expenditures of funds in petitioner's post-conviction proceeding. By the time this case was again before the Kentucky Court of Appeals subsequent to remand, the Kentucky Supreme Court had softened its stance on funding in post-conviction proceedings, then taking the position that indigent prisoners were sometimes allowed funds for travel expenses of necessary witnesses,

10

at the trial court's discretion. *Hodge v. Coleman*, 244 S.W.3d 102 (Ky. 2008). Fields asserts that he should have been entitled to the latter holding in *Hodge*, despite the fact that Hodge had not been decided at the time the trial court revoked the order for indigent funds and that *Hodge* did not address the issue of expert testimony.

This argument was presented to the Kentucky Court of Appeals in petitioner's post-conviction appeal. In its opinion affirming the decision of the trial court, *Fields v. Commonwealth*, WL 900976 (Ky.App. 2008) (No. 2006-CA-002612-MR), the Court of Appeals stated as follows:

> The court's original order granting appellant expert funding was interlocutory and could be revisited by the court at any time before final judgment. Moreover, in *Stopher*, the Supreme Court clearly held that an indigent petitioner in a post-conviction proceeding is not entitled to state funds to retain an expert witness. As such, we conclude that the circuit court properly denied appellant's motion for state funds to retain expert witnesses in support of his RCr 11.42 motion and that the court properly relied upon the case of *Stopher*, 170 S.W.3d 307.

*Fields v. Commonwealth*, 2008 WL 900976 (Ky.App. 2008) (unpublished), at *3.

The respondent contends that the decision by the Kentucky Court of Appeals regarding this issue is not cognizable on habeas review. See *Kirby v. Dutton*, 794 F.2d 245, 246-47 (6th Cir.1986)(noting that "[w]e decline to allow the scope of the writ to reach this second tier of complaints about deficiencies in state post-conviction proceedings."). See also Sherley v. Parker, 2000 WL 1141425 [229 F.3d 1153 - Table](6th Cir. 2000)(unpublished) (noting denial by Kentucky post-conviction court of evidentiary hearing on RCr 11.42 review cannot be heard by a federal habeas court since the writ of habeas corpus is not an appropriate tool for challenging errors or deficiencies in state post-conviction proceedings - rather, the writ is reserved for constitutional errors underlying the conviction itself. Further, even if such review were possible, the decision as to whether to hold the hearing, and the nature and contents of the evidence presentable at that hearing are questions of state law, therefore, the decision of the Kentucky Court of Appeals would be binding on habeas review. For it has been "repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus.") *Bradshaw v. Richey*, 126 S.Ct. 602, 604 (2005); *Wainwright v. Goode*, 464 U.S. 78, 84 (1983); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Houston v. Dutton*, 50 F.3d 381 (6th Cir. 1995); *Duffel v. Dutton*, 785 F.2d 131, 133 (6th

11

Cir. 1986); *Israfil v. Russell*, 276 F.3d 768 (6th Cir. 2001); *Davis v. Straub*, 430 F.3d 281, 290-291 (6th Cir. 2005); *Gilbert v. Parke*, 763 F.2d 821 (6th Cir. 1985).

The Magistrate Judge is persuaded by respondent's argument that this claim presents a question of state law that is not cognizable on habeas review. Thus, this state law claim is not subject to review on the merits in this action. Further, upon review of the state court record, the Magistrate Judge concurs with the assessment of the Kentucky Court of Appeals concerning this claim. Consequently, the Magistrate Judge concludes that petitioner has not established that the decision of the Kentucky Court of Appeals on this claim (a) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (b) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. For these additional reasons, the Magistrate Judge also concludes that petitioner is not entitled to federal habeas relief on this claim.

### III. CONCLUSION

For all of the reasons stated above, based on a review of the state court record and the applicable case law relevant to federal habeas corpus petitions, the Magistrate Judge concludes that petitioner's habeas corpus petition should be denied.

Accordingly, **IT IS RECOMMENDED** that respondent's motion to dismiss, or alternatively for summary judgment [DE #19] be **GRANTED**, that petitioner's habeas petition be **DENIED**, and that this action be **DISMISSED** and **STRICKEN** from the docket.

The Clerk of the Court shall forward a copy of the Proposed Findings of Fact and Recommendation to the respective parties who shall, within ten (10) days of receipt thereof, serve and file timely written objections to the Magistrate Judge's Proposed Findings of Fact and Recommendation with the District Court or else waive the right to raise objections in the Court of Appeals. 28 U.S.C. § 636(b)(1)(B); Thomas v. Arn, 728 F.2d 813 (6th Cir. 1984), affirmed, 474 U.S. 140 (1985); Wright v. Holbrook, 794 F.2d 1152, 1154-55 (6th Cir. 1986); Rule 8(b)(3), Rules Governing Section 2254 Cases in the United States District Courts; Fed.R.Civ.P. 6(e). A party may

file a response to another party's objections within ten (10) days after being served with a copy thereof. Fed.R.Civ.P. 72(b).

This 29th day of July, 2009.

Signed By:
*James B. Todd*
United States Magistrate Judge