UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 08-383-KSF

DONALD R. FIELDS                                                                                         PETITIONER

v.                                                    **OPINION & ORDER**

STEVE HANEY, WARDEN                                                                         RESPONDENT

\* \* \* \* \* \* \* \* \* \*

On September 22, 2008, the petitioner, Donald R. Fields, *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 concerning his conviction in Fayette Circuit Court on or about August 26, 1997 [DE #1]. The respondent, Warden Steve Haney, filed his answer and motion to dismiss, or in the alternative, motion for summary judgment, on February 20, 2009 [DE ##18 and 19]. Consistent with local practice, this matter was referred to the Hon. James B. Todd, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b).

On July 29, 2009, the Magistrate Judge filed his proposed findings of fact and recommendation, recommending that, based on a review of the state court record and the applicable case law, the petition be dismissed [DE # 27]. On August 11, 2009, Fields filed objections to the Magistrate Judge's proposed findings of fact and recommendation [DE # 28]. As a result, this matter is now ripe for review.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Fields was indicted by a Grand Jury of the Fayette Circuit Court on two counts of Capital Murder, pursuant to KRS 507.020, in relation to the shooting deaths of Sharon Given and Donald McArthur. Fields ultimately entered into a plea agreement wherein he agreed to plead guilty to the

1

reduced charge of two counts of first-degree manslaughter. Each count of manslaughter carried a sentence of twenty years. Pursuant to the plea agreement, whether the two twenty years sentences could run concurrently or consecutively would be determined by the Fayette Circuit Court. Thereafter, on August 26, 1997, the trial court sentenced Fields and ordered that his twenty-year sentences run consecutively, for a total sentence of forty years. Fields did not file a direct appeal of this sentence.

Fields did, however, file a R Cr 11.42 motion on August 20, 1998, which was denied by the Fayette Circuit Court and ultimately affirmed by the Kentucky Court of Appeals. The Kentucky Supreme Court granted discretionary review and remanded the case to the trial court for further reconsideration.

On remand, the trial court held a retroactive competency hearing to determine whether Fields was competent to enter a guilty plea. The trial court also held additional evidentiary hearings to address Fields remaining R Cr 11.42 claims. After the hearings, the trial court denied Fields R Cr 11.42 motion. The Kentucky Court of Appeals affirmed the trial court's denial, and the Kentucky Supreme Court denied discretionary review.

Then, on September 20, 2008, Fields filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. In support of his petition, Fields alleges: (1) that he received ineffective assistance of counsel at trial when his counsel (a) failed to move the court to hold a pretrial competency hearing; (b) failed to file a motion for indigent funds for necessary experts who would have provided a scientific basis to assist in his defense; and (c) failed to investigate and present available mitigation evidence at his final sentencing hearing; and (2) that he was denied his constitutional right to due process and a full and fair hearing in his state post-conviction proceedings.

**II.     THE MAGISTRATE JUDGE'S PROPOSED FINDINGS OF FACT AND RECOMMENDATION**

In his proposed findings of fact and recommendation, the Magistrate Judge first sets out the appropriate standard of review; namely that the Court should review ' claims with respect to the Kentucky Court of Appeals' decision to determine if the adjudication:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1) and (2); *see also Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Magistrate Judge then turned to Fields' substantive claims. First, the Magistrate Judge considered Fields' claim that the his trial counsel was ineffective for failing to move for a pretrial competency hearing and for failing to move for indigent funds for necessary experts who would have provided a scientific basis to assist in his defense. With respect to both of these claims, the Magistrate Judge outlined the relevant caselaw, and applying the facts in this case, concluded that Fields had failed to establish that the decision of the Kentucky Court of Appeals was (a) contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or (b) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. With respect to Fields' claim that his trial counsel failed to investigate and present available mitigation evidence at his final sentencing, the Magistrate Judge determined that this Court is barred from considering the merits of this claim because Fields failed to raise the issue before the trial court upon remand. For these reasons, the Magistrate Judge recommended that Fields' ineffective assistance of counsel claim be denied.

The Magistrate Judge then turned to Fields' claims based on denial of due process and a full and fair hearing in his state post-conviction proceeding. After reviewing the procedural history and relevant caselaw, the Magistrate Judge concluded that this claim presents a question of state law that is not cognizable on habeas review. Accordingly, the Magistrate Judge determined that Fields has not established that the Kentucky Court of Appeals' decision on this claim as (a) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (b) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Accordingly, the Magistrate Judge determined that Fields is not entitled to federal habeas review of this claim and recommended that this claim be dismissed.

For these reasons, the Magistrate Judge entered his proposed findings of fact and recommendation that Fields' petition for writ of habeas corpus be denied. Fields, however, has filed timely objections to the Magistrate Judge's findings. The Court will conduct a *de novo* review of the portions of the Magistrate Judge's findings to which Fields has made objections.

### III.   *DE NOVO* REVIEW OF HARRIS' OBJECTIONS

For his objections, Fields generally argues that his trial counsel failed to protect his rights. However, as explained by the Magistrate Judge, this case was remanded by the Kentucky Supreme Court for a competency hearing pursuant to existing Kentucky law. The competency hearing was held in accordance with that law, and the trial court found that Fields was competent to enter his plea. As a result, the Magistrate Judge did not err in rejecting this claim.

With respect to the need to hire experts, the Magistrate Judge agreed with the trial court's determination that Fields' offered only speculation to support a claim that an expert was necessary.

he. The Court cannot find that this decision as (a) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (b) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Thus, the Magistrate Judge did not err in rejecting this claim.

Fields does not address the Magistrate Judge's determination that his claim based on his trial counsel's failure to investigate and present mitigating evidence at sentencing has been procedurally defaulted by failing to raise this issue before the trial court. Nevertheless, the Court, upon review of the record and caselaw, agrees with the Magistrate Judge that the Court is barred from reviewing this claim on federal habeas review.

Nor does Fields address the Magistrate Judge's determination that his claim for denial of due process based on the trial court's revocation of an order funding investigation and testimony of expert witnesses at the evidentiary hearing is a question of state law not cognizable on habeas review. The Court, however, has reviewed the record and caselaw, and agrees that this issue is not appropriate for federal habeas review.

Having considered Fields' objections, which the Court finds to be without merit, and having made a *de novo* determination, the Court is in agreement with the Magistrate Judge's proposed findings of fact and recommendation. Therefore, Fields' objections will be overruled. In determining whether a certificate of appealability should issue as to Fields' claims, the Court turns to *Slack v. McDaniel*, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward: The petitioner must demonstrate that reasonable

5

jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Id.* at 484. In the present case, the Court determines that Fields has not presented a close call or one which is "debatable." Therefore, a certificate of appealability will not issue.

### IV. CONCLUSION

For the reasons set forth above, the Court, being otherwise fully and sufficiently advised,

**HEREBY ORDERS** as follows:

(1)  the Magistrate Judge's proposed findings of fact and recommendation [DE #27] is **ADOPTED** as and for the opinion of the Court;

(2)  the respondents' motion to dismiss [DE #19] is **GRANTED**;

(3)  the petitioner's objections [DE #28] are **OVERRULED**;

(4)  the petitioner's petition for a writ of habeas corpus [DE #1] is **DISMISSED WITH PREJUDICE**;

(5)  all other pending motions are **DENIED AS MOOT**;

(6)  a certificate of appealability **SHALL NOT** issue; and

(7)  judgment will be entered contemporaneously with this order.

This August 25, 2009.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge